**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:24CR-042 |
| Plaintiff, | |
| | JUDGE J. McFARLAND |
| v. | |
| | **INDICTMENT** |
| **RICHARD OPOKU AGYEMANG,** | |
| | 18 U.S.C. § 1001(a)(2) |
| Defendant. | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | 18 U.S.C. § 1957 |
| | |
| | **FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

1. At times relevant to this Indictment, the defendant, **RICHARD OPOKU AGYEMANG**, was a resident of the Southern District of Ohio.

**COUNT 1**
**(Conspiracy to Commit Wire Fraud)**

**The Conspiracy**

2. Paragraph 1 of the Indictment is incorporated here.

3. From in or about July 2020 through in or about April 2024, in the Southern District of Ohio and elsewhere, the defendant, **RICHARD OPOKU AGYEMANG**, knowingly and intentionally conspired and agreed with others to devise and intend to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate

commerce writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343.

### Purpose and Object of the Conspiracy

4. The purpose and object of the conspiracy was for the coconspirators, including **RICHARD OPOKU AGYEMANG**, to unlawfully enrich themselves by obtaining money by false and fraudulent pretenses.

### Manner and Means of the Conspiracy

5. The manner and means by which the coconspirators, including **RICHARD OPOKU AGYEMANG**, sought to accomplish the objectives of the conspiracy included the following:

a. It was part of the conspiracy that members of the conspiracy would create profiles on dating websites using false information and pictures of other individuals (the "False Profiles").

b. It was further part of the conspiracy that members of the conspiracy would use a False Profile to initiate contact with a victim via the internet, pretending to be the person pictured in the False Profile.

c. It was further part of the conspiracy that members of the conspiracy would use the False Profile to communicate with the victim by online instant messaging services, email, and telephone, among other ways, and to mislead the victim into believing he or she was in a relationship with the person pictured in the False Profile.

d. It was further part of the conspiracy that members of the conspiracy would represent to the victim that the person pictured in the False Profile was living abroad, or that there was some other justification for why the person pictured in the False Profile was never able to meet the victim in person.

e. It was further part of the conspiracy that members of the conspiracy would induce the victim to transfer money, including by wire, to the person pictured in the False Profile by making false representations, including that the person pictured in a False Profile was expecting a large

inheritance of gold and needed financial assistance to bring it to the United States, that the person in the False Profile needed money to get to the United States, or that the person in the False Profile needed money for medical expenses. In reality, the financial accounts receiving the money were controlled by members of the conspiracy.

f. Members of the conspiracy would use the money from the victims for purposes other than those represented to the victims.

g. Members of the conspiracy would launder the proceeds of the scheme by making wire and electronic transfers, including to domestic accounts and to accounts in China.

**All in violation of 18 U.S.C. § 1349.**

## COUNTS 2-7
### (Concealment Money Laundering)

6. On or about the dates listed below, in the Southern District of Ohio and elsewhere, the defendant, **RICHARD OPOKU AGYEMANG**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transaction described below, which involved the proceeds of a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date, on or about | Transfer |
|---|---|---|
| 2 | 5/20/22 | Transfer of $12,000 from Risun LLC's x7249 account to another account via Wise transfer |
| 3 | 5/20/22 | Transfer of $8,000 from Risun LLC's x7249 account to another account via Wise transfer |
| 4 | 5/20/22 | Transfer of $11,000 from Risun LLC's x7249 account to another account via Wise transfer |

3

| Count | Date, on or about | Transfer |
|---|---|---|
| 5 | 6/24/22 | Transfer of $13,000 from Risun LLC's x7249 account to another account via Wise transfer |
| 6 | 6/25/22 | Transfer of $5,000 from Risun LLC's x7249 account to another account via Wise transfer |
| 7 | 6/29/22 | Transfer of $32,000 from Risun LLC's x7249 account to another account via Wise transfer |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i); *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNTS 8-10
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

7. On or about the dates set forth below, in the Southern District of Ohio, the defendant, **RICHARD OPOKU AGYEMANG**, knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of U.S. currency and funds set forth below, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343:

| Count | Date, on or about | Transfer |
|---|---|---|
| 8 | 5/25/23 | Transfer of $25,000 from Risun LLC's x3790 account to another account via wire |
| 9 | 5/31/23 | Transfer of $25,000 from Risun LLC's x3790 account to another account via wire |
| 10 | 6/1/23 | Transfer of $25,000 from Risun LLC's x3790 account to another account via wire |

In violation of 18 U.S.C. § 1957; *Pinkerton v. United States*, 328 U.S. 640 (1946).

4

## COUNT 11
### (False Statement or Representation to an Agency of the United States)

8. On or about April 21, 2021, in the Southern District of Ohio and elsewhere, the defendant, **RICHARD OPOKU AGYEMANG**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States by falsely stating in a Small Business Administration (SBA) Payment Protection Program (PPP) loan application, in sum and substance, that Risun LLC had $133,303.25 in gross income in 2019 and that Risun LLC was not engaged in any activity that was then illegal under federal, state, or local law. These statements and representations were false, because as the defendant, **RICHARD OPOKU AGYEMANG**, then and there knew, Risun LLC did not have $133,303.25 in gross income in 2019, and Risun LLC was engaged in activity that was then illegal under federal, state, or local law. These statements and representations were also material in that the false statements to the SBA caused the SBA to approve the issuance of a $20,833 PPP loan to **RICHARD OPOKU AGYEMANG**.

**In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

### FORFEITURE ALLEGATION 1

Upon conviction of the offense set forth in Count 1 of this Indictment, the defendant, **RICHARD OPOKU AGYEMANG**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation including, but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offense.

### FORFEITURE ALLEGATION 2

Upon conviction of any of the offenses set forth in Counts 2 through 10 of this Indictment, the defendant, **RICHARD OPOKU AGYEMANG**, shall forfeit to the United States, pursuant to

18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property including, but not limited to, a sum of money equal to the amount of money involved in the offense(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL.

/s/
**FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

*Julie D. Garcia*

**JULIE D. GARCIA**
**Assistant United States Attorney**